```
UNITED STATES DISTRICT COURT                           (corrected)
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

DR. JOSEPH F. PEDRI on behalf of JP, a
minor, and MP, a minor,

                    Plaintiff,
                                                ORDER
          - against -
                                          CV 2005-2778 (ERK)(MDG)
PATROL OFFICER JAMES CENTENO,

                    Defendant.

- - - - - - - - - - - - - - - - - -X
```

This Court has reviewed the letter dated October 26, 2007 of Jeanne M. Cardieri (ct. doc. 24), the mother of the two infant plaintiffs. She objects to the depositions of her two minor children, which have been scheduled without her knowledge, even though she has sole custodial rights as a parent. She also questions the right of Joseph Pedri to bring suit on behalf of her children and requests the Court to appoint counsel for them.

The right to sue as next friend under the applicable state law is a prerequisite to a litigant's standing to bring claims under 42 U.S.C. § 1983. See Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 17-18 (2004). The parties briefly mentioned plaintiff's standing as a non-custodial parent in their submissions filed earlier in this case[1] but have not presented the Court with information regarding the orders issued by the

---

[1] See ct. doc. 7 at 5 (defendants' memorandum arguing that a non-custodial parent has no standing); ct. doc. 9 at 3-4 (plaintiff's affirmation arguing that he may sue as next of friend or for appointment of a guardian ad litem for the child).

state court governing plaintiff's rights as a non-custodial parent. These orders and the applicable state laws are critical to the determination of plaintiff's parental status and his right to sue as next of friend. See id. at 16-17 (observing that although a next of friend had the right to "reach outside the private parent-child sphere to restrain the acts of a third party," the state court order had deprived the plaintiff of that status). Even if plaintiff has standing to bring this lawsuit, the prior state custody orders may affect the extent and manner of discovery concerning the two infant plaintiffs that may be conducted.

Accordingly, pending further order of this Court, the depositions of the two infant plaintiffs are stayed. Plaintiff is directed to provide this Court with copies of all pertinent court orders and other documents concerning his parental rights and address more specifically the basis for his standing to bring this lawsuit on behalf of his minor children. Plaintiff's submissions must be filed by November 2, 2007 and any response must be filed by November 9, 2007. Any court orders or other documents that are confidential should be filed under seal and the names of the two infant plaintiffs should be redacted and replaced with their initials. See Administrative Order 2004-09, which implements the E-Government Act of 2002, Pub. L. No. 107-347, as amended August 2, 2004. Complete copies of the sealed or

redacted documents should be separately mailed or faxed to this Court and counsel for defendant.

A hearing will be held to discuss the issues raised in this order and a new scheduling order on November 14, 2007 at 10:00 a.m. in Courtroom 11C of the United States Courthouse at 225 Cadman Plaza East, Brooklyn, New York.  Jeanne Cardieri may attend and if she wishes to do so by telephone, she must provide this Court with the telephone number where she can be reached at the time of the conference.

**SO ORDERED.**

Dated:    Brooklyn, New York
          October 26, 2007

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

Copy to:

Jeanne M. Cardieri
402 Applegate Court
Brooklyn, NY 11223